IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRISTHIAN SIFREDO TURCIOUS FIGUEROA,

     Petitioner,

v.                                                      No. 2:26-cv-02148-KG-GBW

GEORGE DEDOS, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Cristhian Sifredo Turcios Figueroa's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

### I.  Background

Petitioner, a native and citizen of Honduras, entered the United States in 2023 without parole or inspection. Doc. 8 at 1. He has no criminal history. Doc. 1 at 15. On May 12, 2026, local law enforcement encountered Petitioner during a vehicle stop and determined that he was present in the United States without documentation. Doc. 8 at 1. Petitioner was transferred to ICE custody and remains at Otero County Processing Center in New Mexico. *Id.* at 2.

On June 16, 2026, an immigration judge provided Petitioner a custody determination hearing and denied bond, finding that Petitioner is a "flight risk." Doc. 8-4 at 1.

Petitioner now argues that his continued detention without access to a meaningful, individualized custody re-determination hearing violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"). Doc. 1 at 7–8. The Government opposes the Petition. *See generally* Doc. 8.

1

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    *Analysis*

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border.  Doc. 8 at 1–2. He therefore was not seeking admission at the time of his arrest.  *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).  Therefore, his detention is properly governed under § 1226.

The Court nonetheless declines to grant relief because Petitioner received the bond hearing to which he was entitled.  At that hearing, the immigration judge found that Petitioner

failed to carry his burden of demonstrating that he is not a flight risk.  Doc. 8-4 at 1.  That

finding, standing alone, satisfies the requirements of § 1226.

## IV.     *Conclusion*

For the reasons above, Court denies the Petition, Doc. 1.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.